**AMERICAN PETROFINA COMPANY OF TEXAS, Appellant,**

v.

**Jerry W. BRYAN and H. P. Bryan, Jr., Appellees.**

**No. 6389.**

Court of Civil Appeals of Texas, El Paso.

Feb. 12, 1975.

Stubbeman, McRae, Sealy, Laughlin & Browder, Harrell Feldt, Cotton, Bledsoe, Tighe & Morrow, Charles Tighe, Midland, Walker W. Smith, Dallas, for appellant.

Walter M. Holcombe, Pecos, Lawrence L. Fuller, Monahans, for appellees.

## OPINION

WARD, Justice.

American Petrofina Company of Texas sued Bryan Brothers Oil Company, Inc. upon a sworn account and sued the two brothers, Jerry W. Bryan and H. P. Bryan, Jr., upon a written guaranty executed by them covering the account. Upon stipulation being entered, judgment was rendered against the defendant corporation on the debt in the amount of $49,864.59. Trial was to a jury upon issues made concerning the written guaranty and after the verdict was returned in favor of the two individual defendants, a take-nothing judgment was entered against the plaintiff. The plaintiff appeals from this unfavorable part of the judgment contending that the two brothers were individually liable as a matter of law under the terms of the guaranty, and that all parol evidence offered to vary or explain the terms of the guaranty was inadmissible. We agree with the plaintiff, and reverse and render.

In 1970, the two Bryan brothers purchased the corporate stock and assets of McMurry Oil Company, Inc. and at the same time entered into other contracts whereby their corporation became a distributor and jobber for American Petrofi-

na Company of Texas. One of the instruments executed with American Petrofina at that time was the guaranty of account which is the subject of this controversy. It is a mimeographed letter addressed to American Petrofina Company of Texas with certain blanks filled in by typewriter and is herein copied:

"To induce you to sell gasoline and other petroleum products to McMurry Oil Company, Inc., of Pecos, Texas, (hereinafter referred to as the Principal), I hereby guarantee to you the payment of such sum or sums now due and as may at any time, and from time to time, become due to you from the Principal, not to exceed at any one time the sum of $ Requirements, for gasoline and petroleum products so sold to the Principal by you, and whether the indebtedness of the Principal is upon open account or evidenced by a note or notes or other evidence of such purchases made by the Principal. You are at liberty to give the Principal at any time, and from time to time, such extension of credit as you think proper, for which this shall be a continuing guaranty for sales made by you to the Principal, which were made prior to the time you shall receive written notice from me cancelling this guaranty.

"I covenant and agree that jointly with the Principal and severally I shall be liable and responsible for and shall pay to you all sums that may be due or become due by the Principal promptly upon demand, regardless of the sum of the indebtedness, whether the same is represented by open account, notes or otherwise, or whether due at maturity or upon extensions or renewals thereof, and that the terms agreed upon by you and the Principal shall be fully binding upon me without notice. I expressly waive all pleas of discussion and division and all notice of the acceptance of this guaranty; I further waive all notices of the execution of notes and the advance of credits regardless of the forms thereof; and also waive notice of nonpayment when due or at maturity or upon extension or renewal of said open account, notes or other forms of indebtedness; and further waive notice of renewals or extensions of all such open accounts or other forms of indebtedness and all notice of changes in the form of indebtedness.

"WITNESS my hand this  15th  day of  July,  1970.

"/s/ H. P. Bryan, Jr.     Pres.
      (Signature)          (Title)

"/s/ Jerry W. Bryan      Sect.
      (Signature)          (Title)"

———◆———

Following the signatures there is a written acceptance by American Petrofina Company of Texas.

It was stipulated upon the trial that after the execution of the guaranty there was a simple name change made regarding the corporation from McMurry Oil Company, Inc. to Bryan Brothers Oil Company, Inc., and the basis of the open account debt as stipulated was for goods sold to the Principal by American Petrofina Company of Texas.

The only defense urged by the Appellees and applicable to this appeal was that the brothers did not intend to be personally bound by the guaranty. No equitable contention is made, such as fraud, duress or mistake, nor is any claim such as lack of consideration urged as a defense to personal liability under the terms of the agreement. No contention is made by the Appellees that there is any ambiguity in the language contained in the guaranty agreement itself. They do claim that the agreement was not meant to be an obligation of the individual brothers and that the designations of "Pres." and "Sect." after the signatures bind only the corporation or

create an ambiguity that can be explained by extrinsic evidence that they intended only to be bound in their corporate capacities and not individually. Parol testimony was offered to this effect which was admitted by the Court over the Appellant's objection. The dispute as to what occurred prior to the signing of the guaranty contract was resolved by the jury favorable to the individual brothers when in Special Issue No. 12 it was inquired if the guaranty was signed by H. P. Bryan, Jr. and Jerry W. Bryan in their individual capacities or as corporate officers or in both capacities. The jury's verdict was to the effect that they signed as corporate officers.

■ The first seven points presented by the Appellant are that the parol evidence rule applies to this contract of guaranty and then follows in logical sequence a "no evidence" attack as to the jury's answer to Special Issue No. 12. The points are sustained. The designations after the signatures are only descriptio personae. Admittedly there is no ambiguity in the language contained in the guaranty agreement and the instrument with the signatures and designations is susceptible to but one construction and is not ambiguous. The designations after the signatures do not destroy the effect of the undertaking and defeat the expressed terms of this guaranty. The nature of the obligation undertaken by the parties is clearly evident from the language of the instrument and extrinsic evidence is not admissible to explain or alter its effect. This instrument is a collateral undertaking to secure the debt of the corporation and if we were to hold that this is not the obligation of the Appellees we would have to hold that it is not an obligation at all, and we would utterly destroy its effect. Bryan Brothers Oil Company, Inc., the debtor under its new name, is liable for its purchases according to the terms of the stipulation and

to hold that Bryan Brothers Oil Company, Inc. is the only defendant liable under the terms of the written guaranty is to hold that the guaranty is meaningless. The settled rule is that some effect, if possible, is to be given to the writing and a construction which would destroy it is not to be adopted if avoidable. This rule applies to guaranties as well as to other documents. 27 Tex.Jur.2d Guaranty § 37, p. 304. Detailed and valid arguments which establish this principle are contained in the opinion in Marx v. Luling Co-Op. Ass'n, 17 Tex. Civ.App. 408, 43 S.W. 596 (1897, writ ref'd). See also Owens v. William H. Banks Warehouses, Inc., 202 F.2d 689 (5th Cir. 1953); Ricker v. B–W Acceptance Corporation, 349 F.2d 892 (10th Cir. 1965).

■■ Appellees argue that these cases are not controlling as this is a suit between the immediate parties to the transaction and present are allegations and proof of their communicated intent not to be held individually liable at the time of the execution of the guaranty. Even if we assume that the Appellees were crying to the heavens that they would not be bound individually by the guaranty and that only their corporate principal would be bound, the exclusionary rule controls as to this instrument. The fact that a person is under an agency relation to another which is disclosed does not prevent him from becoming personally liable where the terms of the contract clearly establish the personal obligation. Queiroli v. Whitesides, 206 S.W. 122 (Tex.Civ.App.—San Antonio 1918, no writ). Something else would be presented if the Appellees had pled, proved and sought equitable relief. We hold that the parol evidence or exclusionary rule prohibited the evidence offered which varied and contradicted the terms of this guaranty. The foundation for the fact issue not being present, the "no evidence" point as to Special Issue No. 12 is sustained. The Court

could then do nothing other than enforce the guaranty according to its terms. The parties by having stipulated the amount of the damages have removed the only fact issue as to this portion of the case. Aldridge v. Northeast Independent School District, 404 S.W.2d 655, 656 (Tex.Civ. App.—San Antonio 1966, writ ref'd n. r. e.). The insufficient evidence and against the great weight and preponderance of the evidence points as to Special Issue No. 12 are not reached.

Appellant makes various attacks upon the submission of and the jury's answer to Special Issue No. 11. The issue inquired of the jury if the guaranty had blanks at the time it was signed by the two Bryans, and the jury answered that it did. The blanks referred to were in the body of the instrument where it is underlined as set out above. Assuming that there were blanks when the instrument was signed, no evidence was offered that the body of the instrument was filled in incorrectly, fraudulently or contrary to the understanding of the two Bryans. The authority to fill in the blanks was entrusted to the agents of the Appellant, and the instrument is as good as if executed in complete form. Any contention as to the blanks affording a defense to the personal obligation of the Bryans is groundless. Sentinel Fire Ins. Co. v. Anderson, 196 S.W.2d 649, 651 (Tex.Civ.App.—Amarillo 1946, no writ).

That portion of the judgment of the trial Court that American Petrofina Company of Texas take nothing against Jerry W. Bryan and/or H. P. Bryan, Jr. is reversed and here rendered to the effect that American Petrofina Company of Texas do have and recover of and from Jerry W. Bryan and H. P. Bryan, Jr., jointly and severally, the sum of $49,864.59, together with interest on said amount from the date of the trial Court's judgment.