HOUSTON FURNITURE DISTRIBU-
TORS, INC., et al., Appellants,

v.

BANK OF WOODLAKE, N. A., Appellee.

No. 17018.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 2, 1978.

Gerald A. Linder, Houston, for appellants.

Fulbright & Jaworski, Joe W. Redden, Jr., Houston, for appellee.

EVANS, Justice.

This is an appeal from a summary judgment entered in favor of the plaintiff, Bank of Woodlake, N.A., against the defendant, Houston Furniture Distributors, Inc., the maker of a promissory note dated February 19, 1976, in the principal amount of $46,-221.74, and against defendants, Edward A. Gibbons and William A. Jakle, who were guarantors of the indebtedness under a pre-

existing guaranty agreement dated March 8, 1974. The trial court entered a summary judgment in favor of the plaintiff against all three defendants for the unpaid principal amount of the note, interest and attorney's fees. The defendants, Houston Furniture Distributors, Inc., and Edward A. Gibbons have perfected this appeal.

The defendants' first point of error is that the plaintiff failed to show that it was entitled to judgment as a matter of law. Under this point, the defendants do not argue that the plaintiff's evidence was insufficient to support the summary judgment, but rather that the defendants met their burden of pleading and offering summary judgment proof in support of their affirmative defenses. This point will be considered with the second and third points of error wherein defendants contend that genuine issues of material fact were raised with respect to their affirmative defenses of usury and estoppel.

It is conceded by the defendants that the rate of interest charged was not illegal for a corporate borrower, and defendant Gibbons recognizes that the defense of usury is not available to the guarantor of a corporate debt. *Universal Metals and Machinery, Inc., v. Bohart*, 539 S.W.2d 874, 879 (Tex.1976); *Loomis Land and Cattle Co. v. Diversified Mortgage Investors*, 533 S.W.2d 420 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). However, Gibbons contends that he was the "true" borrower of the funds and therefore should be allowed to assert the defense of usury. He argues that the use of the corporate form was merely a subterfuge to evade the usury statute, a scheme whereby the plaintiff could loan funds to him in his individual capacity at a higher rate of interest than the law permits. Relying upon the rationale of *Micrea, Inc. v. Eureka Life Ins. Co. of America*, 534 S.W.2d 348 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.), Gibbons argues that the loan transaction was usurious because both parties understood that the use of a corporate borrower was merely a fiction and that the loan was, in fact, being made for the benefit of the individual.

In his affidavit filed in response to the plaintiff's motion for summary judgment, Gibbons states that on September 12, 1973, some seven months prior to the date of the loan transaction, the plaintiff, acting through its president, Charles J. Brosko, issued a $50,000.00 revolving line of credit to Houston Furniture Distributors, Inc., with the provision that the rate of interest on unpaid principal would be 2% above the bank's prime rate. Gibbons states that after the issuance of this line of credit he was invited, as an individual, to invest in a partnership venture and that he was given a confidential memorandum listing Brosko and a realtor named Jim Phillips as business references. It appears that Jim Phillips was the brother of Michael B. Phillips, a vice president and loan officer of the plaintiff. On March 8, 1974, the date of the loan in question, Gibbons and Jakle went to see Michael B. Phillips to discuss the proposition of their making individual investments in the partnership venture. Michael B. Phillips acknowledged that he was the brother of Jim Phillips and he recommended the general partners. According to Gibbons, Phillips stated that he was familiar with the property owned by the partnership, that the land would sell quickly, and that the limited partnership would make a nice profit. Gibbons states that he advised Phillips that he could not repay the amount of the loan until the partnership sold the land and the funds were dispersed, and that Phillips assured him that the bank would carry the loan until the partnership land was sold. Phillips then suggested "a subterfuge" whereby the bank would loan Gibbons and Jakle the sum of $13,300.00, that the loan would be made to Houston Furniture Distributors, Inc., using its revolving line of credit, and that Jakle and Gibbons could then withdraw the needed amount from the corporate bank account to make their individual investments in the partnership venture. Gibbons states that he was again assured by Phillips that there would be no need to repay the principal amount of the loan until the partnership sold its land and that the principal could be repaid from the sale's proceeds. Gibbons' affidavit indi-

cates that the loan for the stated amount was made to the corporation and on the day the loan proceeds were deposited in the corporation's bank account, two checks, each in the amount of $6,650.00, were drawn on the corporation's bank account and made payable, respectively, to Gibbons and Jakle. The proceeds of these checks were then invested in the partnership venture. The $13,300.00 note was thereafter renewed from time to time and the note in suit represents the sum of the unpaid balance of the original debt and other sums of money subsequently borrowed by Houston Furniture Distributors, Inc., from the plaintiff.

Gibbons' affidavit shows that he was fully aware of and assented to the plaintiff's loan condition that the note be executed by the corporate borrower, Houston Furniture Distributors, Inc., and the evidence is undisputed that the corporation had been created prior to the loan transaction in question and was not organized for the sole purpose of making the loan. The rationale of Gibbons' argument is that the allegations of his affidavit demonstrate that the corporate entity was used as a "cloak or cover" to hide the fact that Gibbons, individually, was to receive the benefits of the loan transaction.

██ It has been held that a lender may lawfully require, as a condition to making a loan, that the loan be made to a corporation rather than to an individual borrower, and such a condition does not, in itself, make the transaction usurious, even though the purpose of the requirement is to permit the lender to charge a higher rate of interest. *American Century Mortgage Investors v. Regional Center, Ltd.,* 529 S.W.2d 578, 582 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.). It has also been held that the requirement of a lender that the individual applicant guarantee payment of a corporate loan does not render the loan transaction usurious. *Loomis Land and Cattle Co. v. Diversified Mortgage Investors,* supra.

██ The burden was on the defendants to offer competent summary judgment proof of some agreement, device or subterfuge to charge interest at a usurious rate. *Shipman v. Wright,* 3 S.W.2d 519, 521 (Tex.Civ.App.—Dallas 1928, writ ref'd). It did not meet this burden by merely showing that the plaintiff suggested the use of an existing corporate form to effect the loan. *Hutchison v. Commercial Trading Co.,* 427 F.Supp. 662 (N.D.Tex.1977). The summary judgment proof does not raise a material fact issue in support of the defendants' contention that the loan transaction was merely a subterfuge to evade the usury statute. *Skeen v. Glenn Justice Mortgage Co.,* 526 S.W.2d 252 (Tex.Civ.App.—Dallas 1975, no writ); *Hutchinson v. Commercial Trading Co.,* supra; *American Century Mortgage Investors v. Regional Center, Ltd.,* supra. The defendants' second point of error is denied.

██ The third point of error must also be overruled because the summary judgment proof fails to raise a material issue of fact with respect to the affirmative defense of estoppel. Although Gibbons' affidavit alleges that the plaintiff's officer, Michael B. Phillips, falsely represented to him that the debt would not be called until the partnership land was sold, there is no allegation that the land was not sold as represented nor that such representation was known to be false at the time it was made. The burden of proof was upon Gibbons to offer competent summary judgment proof which raised a material issue of facts as to each of the essential elements of his affirmative defense. *Barfield v. Howard M. Smith Co.,* 426 S.W.2d 834, 838 (Tex.1968). In order to meet this burden, Gibbons was required to offer summary judgment proof that a false representation had been made by the plaintiff with actual or constructive knowledge of the true facts. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952); *Cattle Feeders, Inc. v. Jordan,* 549 S.W.2d 29 (Tex.Civ.App.—Corpus Christi 1977, no writ). Since the summary judgment proof fails to raise a fact issue with respect to all of the necessary elements of Gibbons' affirmative defense of estoppel, the trial court properly granted the plaintiff's motion for summary judgment. *Seale v. Nichols,* 505 S.W.2d 251, 254 (Tex.1974).

The defendants' fifth point of error will next be considered. Under this point, the defendants contend that the summary judgment was improper because the plaintiff failed to prove that the guaranty agreement had not been terminated. The defendants argue that the plaintiff had the burden of offering affirmative proof of non-termination, relying upon certain statements contained in *Sampson v. APCO Oil Corp.*, 476 S.W.2d 430 (Tex.Civ.App.—Amarillo 1972, no writ). The terms of the guaranty agreement executed by Gibbons shows the continuing nature of the promise, clearly evidencing the understanding of the parties that payment would be guaranteed of all indebtedness "then or thereafter" owing by the principal debtor to the bank. A continuing guaranty is one which contemplates a series of future transactions and is such that the guaranty remains in effect for an indefinite time or until revoked. *Blount v. Westinghouse Credit Corp.*, 432 S.W.2d 549 (Tex.Civ.App.—Dallas 1968, no writ). In the absence of evidence that the continuing guaranty had been revoked or for some other cause had become ineffective, it must be considered as remaining in effect according to its terms. 38 Am.Jur.2d *Guaranty* §§ 61, 63 (1968).

In their fourth point of error, the defendants contend that the trial court erred in awarding attorney's fees in the amount of the stipulated percentage of the principal and interest owing on the note at the time it was placed for collection.

The terms of the note provide for payment of attorney's fees in the amount of 10% of the unpaid principal and interest if the note is placed in the hands of an attorney for collection. Based upon this stipulation, the trial court awarded attorney's fees to the plaintiff in the amount of $4,736.25.

In a summary proceeding, where the note provides for a fixed percentage of the unpaid sum, proof of the reasonableness of the stipulated percentage is not required in the absence of pleading and proof that the amount is unreasonable. *Kuper v. Schmidt*, 161 Tex. 189, 338 S.W.2d 948 (1960); *International Shelters, Inc. v. Corpus Christi State National Bank*, 475 S.W.2d 334 (Tex.Civ.App.—Corpus Christi 1971, no writ). The defendants offered no summary judgment evidence indicating that the stipulated percentage was unreasonable, and the trial court's judgment was therefore proper to the extent that attorney's fees in such amount were adjudged against the principal obligor, Houston Furniture Distributors, Inc.

However, as to the guarantor Gibbons, the trial court's judgment for attorney's fees must be reversed. A guarantor's liability on a debt is measured by the principal's liability unless a more extensive or a more limited liability is expressly set forth in the guaranty agreement. *Gubitosi v. Buddy Schoellkopf Products, Inc.*, 545 S.W.2d 528, 534 (Tex.Civ.App.—Tyler 1976, no writ); *Walter E. Heller and Company v. Allen*, 412 S.W.2d 712, 721 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.). The guaranty agreement executed by Gibbons guaranteed payment of the principal debt, interest and costs of collection, "including reasonable attorney's fees". Thus, by the terms of the guaranty agreement itself, Gibbons' obligation was limited to a "reasonable" attorney's fee. It was the plaintiff's burden to plead and prove that the amount claimed was, in fact, a reasonable attorney's fee, and this was a question of fact which could not be determined in the summary judgment proceeding. *Yandell v. Tarrant State Bank*, 538 S.W.2d 684 (Tex. Civ.App.—Fort Worth 1976, writ ref'd n. r. e.).

The trial court's judgment awarding attorney's fees in favor of the plaintiff, Bank of Woodlake, N.A., against the defendant, Edward A. Gibbons, in the amount of $4,736.25 is reversed and the plaintiff's claim for attorney's fees against said defendant is severed and remanded to the trial court for further proceedings. In all other respects, the trial court's summary judgment in favor of the plaintiff against all defendants is affirmed.