George S. KHALAF, Appellant,

v.

UNITED BUSINESS INVESTMENTS, INC., Appellee.

No. 17874.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 12, 1981.

Rehearing Denied April 23, 1981.

Stanley G. McGee, Houston, for appellant.

Michael L. O'Brien, Houston, for appellee.

SMITH, Justice.

This is a summary judgment proceeding to recover commissions and attorney fees on a contract to sell a liquor store. The trial court granted a summary judgment in favor of the plaintiff, United Business Investments, Inc., against defendant, George S. Khalaf in the sum of $15,000.00 and attorney fees.

The affidavit of appellee's agent, Murad Antia, attached to appellee's motion for summary judgment succinctly states the appellee's position: 1) appellant and Antia, as agent for appellee, signed a 120-day exclusive listing agreement for appellee to sell appellant's liquor store, 2) Antia brought several prospective purchasers to appellant, including the actual purchaser, 3) the property was sold for a total purchase price of approximately $135,000 to $145,000, 4) the listing agreement was signed July 12, 1979, 5) the property sold on or about September 20, 1979, and 6) appellee's commission for selling was to be $15,000.00 or 10% of the sales price, whichever was greater.

The affidavit further states that at the time of entering into the listing agreement, Antia explained and discussed the agreement with the appellant, including the commission of $15,000.00 or ten percent of the sale, whichever was the greater, and that demand had been made on appellant for payment of the full commission, but that at all times appellant had refused the payment of the full commission.

A copy of the listing agreement was attached to the motion for summary judgment, and Antia swore it was a true and correct copy of the original agreement.

The appellant raises two points of error: 1) appellant's affidavit raises fact issues, and 2) appellee's affidavit by an interested witness is controverted and will not support a summary judgment.

The controverting affidavit filed by appellant states:

1. It was my understanding and such understanding was communicated to me by Murad Antia that any commission that I would pay to United Business Investments, Inc. would be a commission of ten percent (10%) of the purchase price of the good will for the liquor store located at 10900 West Bellfort, in Houston, Harris County, Texas and it was further my understanding that the written contract had been changed as a result of my agreements with Murad Antia that the commission to be paid by me would simply be ten percent (10%) of the purchase price of the good will on the above mentioned liquor store.

2. Had this not been the arrangement with United Business Investments, Inc. I would not have entered into the agreement and due to the fact that I hardly read English, I would not have signed the contract and was induced to do so by Mr. Antia solely by virtue of his representations that the maximum commission would only be 10% of the purchase price of the good will.

3. Further, it was my understanding and belief that a liquor license would have been necessary for United Business Investments, Inc. to receive a commission for the sale of the stock of the liquor store in question.

4. I have offered and continue to offer the sum of $6,500.00 as being a full and fair commission to United Business Investments, Inc.

Appellant asserts by his first point that fact issues are raised by his controverting affidavit; however, neither his pleadings nor his brief state what fact issues are raised.

■ The affidavit attached to appellee's motion for summary judgment is clear and direct so it meets the requirements of Rule 166–A(c), Texas Rules of Civil Procedure. This affidavit and the attachments thereto are sufficient to prove each element of the appellee's case, and a prima facie case for the appellee has been established.

■ Appellant's affidavit, as set out above, does not state it was made on personal knowledge of the affiant, as required

by Rule 166–A(e) T.R.C.P., nor does it controvert the facts alleged in appellee's affidavit. The affidavit in paragraph 1 sets forth the affiant's "understanding" of the listing agreement and is his conclusion, not controverting facts.

In paragraph 2 of appellant's affidavit he appears to be attempting to assert facts to prove the defense of fraud in the inducement of the contract (listing agreement). The appellant has not pled fraud as a defense and in addition thereto, the facts alleged do not contain all the elements of fraud. Chief Justice Greenhill in the case of *Oilwell Division, United States Steel Corporation v. Fryer*, 493 S.W.2d 487, (Tex. 1973) set forth the necessary elements of fraud:

(1) That a material representation was made; (2) that it was false; (3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury . . .

The appellant's affidavit does not assert facts that would satisfy the second, third or fourth requirements of fraud as set forth in *Fryer*. A summary judgment must raise a fact issue on each of the elements of fraud to be accepted as a valid affirmative defense. *Fryer*, supra, also see *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ. App.-Corpus Christi 1980, no writ). The appellant's first point of error is overruled.

The appellant's second point of error urges that the affidavit of Murad Antia was testimony from an interested witness, impeached by the testimony of appellant; and, therefore, could not support the granting of a summary judgment.

The only testimony of appellant that has been brought with the record to this court is appellant's affidavit attached to appellant's response to appellee's motion for summary judgment. Although the parties' briefs indicate that the appellant had been deposed prior to the motion for summary judgment, neither party asked that such deposition be made a part of the record in this court. We cannot give consideration to testimony not in the record.

We cannot agree with appellant's allegation that his affidavit controverts the affidavit of an interested witness. As heretofore noted, appellant's affidavit is conclusionary in nature and does not controvert the sworn facts in the interested witness' affidavit as contemplated by Rule 166–A(c) T.R.C.P. Appellant's second point of error is overruled.

The appellee has established a prima facie case, while the appellant has failed to sustain his burden of proof by producing evidence that raises a fact issue; accordingly, the judgment of the trial court is affirmed.

COLEMAN, C. J., concurs in this opinion.

PEDEN, Justice, dissenting.

I respectfully dissent. The majority holds that the movant's affidavit meets this requirement of Section (c) of Rule 166–A:

A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

Even though Mr. Khalaf's affidavit is largely conclusionary, I would hold that the first paragraph of it (set out above) contradicts, in part, the appellee's affidavit and, therefore, that this summary judgment may not be based on the testimonial evidence of the appellee's interested witness.