**ARTHUR P. GALE REALTORS, Appellant,**

v.

**Daniel G. BELISLE and Caroline Belisle, Appellees.**

**No. 05–84–00716–CV.**

Court of Appeals of Texas, Dallas.

June 6, 1985.

Rehearing July 9, 1985.

Charles W. McGarry, Dallas, for appellant.

Stephen G. Good, Dallas, for appellees.

Before SPARLING, WHITHAM and DEVANY, JJ.

## ON MOTION FOR REHEARING

DEVANY, Justice.

Our former opinion is withdrawn and the following is now our opinion.

Appellant, Arthur P. Gale Realtors ("Gale"), is a general partnership composed of Arthur P. Gale and his mother. Each partner possesses a real estate broker's license, although the partnership itself does not. Appellees, Daniel G. and Caroline Belisle, owned a condominium apartment unit which they wanted to sell. In a suit by Gale to recover for a real estate broker's commission, the Belisles' motion for summary judgment was granted and Gale's motion for summary judgment was denied. We reverse the judgment of the trial court and remand this cause for proceedings consistent with this opinion.

In early July, 1983, Mr. Belisle called Gale for assistance in selling the unit, stating that he was in a rush and had to move

by September 1, 1983. Although no written listing agreement was entered into by the parties, Gale proceeded to list the property and attempt to find a buyer. In late July, 1983, the condominium project manager referred a prospective buyer, Margaret Marie Buckingham, to the Belisles who in turn referred her to Gale. Subsequently, Gale secured a proposed written contract for the sale of the unit for $66,500.00, signed by Buckingham, calling for closing on August 22, 1983, and providing for a broker's fee to Gale of six percent. The Belisles changed the amount in the document to $67,100.00 and signed it. The next day Gale took the contract with the new price back to Buckingham, but she wanted to wait and think about it. Buckingham did not go back to Gale. On August 5, 1983, the Belisles told Gale they were not going to sell the unit and to cease further brokerage services. Gale discontinued further work on the listing. On August 29, 1983, the Belisles sold the unit to Buckingham for $66,500.00.

Gale, in two points of error, complains that the trial court erred in (1) granting summary judgment for the Belisles and (2) in denying Gale's motion for summary judgment. We agree with Gale's two points of error.

The Belisles argue that, because no brokerage license has been issued in the name of Arthur P. Gale Realtors, it is not entitled to recover its commission on the sale by the Belisles to Buckingham. Under The Real Estate License Act, "[i]t is unlawful for a person to act in the capacity of ... a real estate broker ... without first obtaining a real estate license." TEX.REV.CIV.STAT. ANN. art. 6573a, section 1(b) (Vernon Supp.1985). At all times, Arthur P. Gale acted under the name of the partnership, "Arthur P. Gale Realtors." Section 2(2) of the Act defines a real estate broker as a "person." Section 20(a) of the Act then provides that:

A *person* may not bring or maintain an action for the collection of compensation for the performance in this state of an act set forth in Section 2 of this Act without alleging and proving that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced ... (Emphasis added).

Section 6 of the Act describes the qualifications of an individual desiring to be a broker in language which clearly means an individual, although section 6(c) makes provision for a corporation to obtain a broker's license. Nowhere in the Act is there provision for a partnership to be licensed as a broker. Next, we find that section 2(5) provides:

"Person" means an individual, a partnership, or a corporation, foreign or domestic.

 Gale alleged in its petition that its agent in negotiating the above-described transaction, Arthur P. Gale, individually, is a duly licensed real estate broker. The deposition of Arthur P. Gale establishes proof that he took the necessary examination and is a licensed real estate broker. Therefore, we find that Gale complied with section 20(a), which requires that a *person*, as defined in section 2(5), seeking to recover a commission must allege and prove that the person performing the brokerage services was a duly licensed broker. Although section 6 of the Act makes no provision for licensing a partnership as such, it appears clear from a reading of the entire Act that individuals licensed as brokers under the Act and who are partners may sue as a partnership. Therefore, we disagree with the Belisles' contention that the partnership may not recover for the services performed by Arthur P. Gale, a licensed real estate broker.

 Next, the Belisles contend that Gale cannot recover for a brokerage commission because there was no written exclusive listing agreement. At oral argument, Gale responded that it was not basing its claim on a listing agreement, but rather on the signed proposed sales contract which recited that Arthur P. Gale Realtors "negotiated this sale and [that] Seller agrees to pay Broker ... on consummation of this sale

... a total cash fee of Six Percent of the total Sales Price...." The Belisles counter that the proposed sales contract was an offer by the purchaser which they did not accept and, therefore, was not a completed contract. The Belisles contend that when they changed the amount on the contract, it was merely a counter offer. We would agree with the Belisles but for the fact that the proposed, signed contract provided for a sale that was actually consummated when the Belisles sold the unit to Buckingham for the same amount as originally offered through Gale seven days after the scheduled closing.

Section 20(b) of the Act provides that recovery of a commission must be based on a promise or agreement in writing, or some memorandum thereof, and signed by the party to be charged. The written memorandum required by section 20(b) must satisfy the same rules which govern the sufficiency of an instrument under the statute of frauds and must furnish within itself the means or data by which the particular land to be conveyed may be identified. *Chisholm v. Hipes*, 552 S.W.2d 519, 521 (Tex.Civ.App.—Amarillo 1977, no writ). Under that standard, we find the language in the proposed real estate contract binding on the Belisles upon consummation of that contract.

The Belisles next contend that Gale fraudulently induced them to sign the real estate contract knowing it contained a misrepresentation that Buckingham had tendered a $1,000.00 earnest money check. It appears undisputed that no earnest money was paid by Buckingham. However, the document representing the offer by Buckingham (and later the counter-offer by the Belisles) contained a recitation that $1,000.00 "is herewith tendered and is to be deposited as Earnest Money with Southwest Land Title." Thus, the document's recitation shows an intention to make a deposit of a tendered amount. The word "tender" is "equivalent to the word 'offer.' " It means "to offer to pay or perform an obligation." Ballentine's Law Dictionary 1264 (1969). We do not find this language sufficient to represent fraud in the inducement. In *Khalaf v. United Business Investments, Inc.*, 615 S.W.2d 869, 871 (Tex.Civ.App.—Houston [1st Dist.] 1981 no writ) a restatement of the necessary elements of fraud is presented, which, in pertinent part, are: (1) that a material representation was made; (2) that was false; (3) that the speaker knew was false; (4) that was made with the intention that it should be acted upon; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. Because the language complained of by the Belisles expresses an *intent* to do something, we find that it is not a misrepresentation of an existing fact and we find no showing of injury resulting. Therefore, as a matter of law we find no fraud in the inducement.

In Gale's prayer for relief in its brief, it prays that we reverse and render judgment in its favor for actual damages which are a sum certain. However, Gale further indicates that a determination should be made as to attorneys' fees. We construe this statement as a request to remand the determination of the amount of attorneys' fees to the trial court.

Accordingly, we hold as a matter of law that Gale is entitled to its real estate commission under The Real Estate License Act. By reason of the fact that Gale sought attorneys' fees and that issue has not yet been determined, we reverse the judgment of the trial court and remand this cause with instructions to the trial court to sustain Gale's motion for summary judgment, hear evidence concerning the amount of Gale's attorneys' fees, and render judgment for Gale accordingly.

Reversed and remanded with instructions.