Reversed in part, and Rendered and Majority and Concurring Opinions
filed March 6, 2003









 



Reversed
in part, and Rendered and Majority and Concurring Opinions filed March   6,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01068-CV

____________

 

MATERIAL PARTNERSHIPS, INC., Appellant

 

V.

 

JORGE LOPEZ VENTURA, Appellee

 



 

On Appeal from the
55th District Court

Harris
County, Texas

Trial Court Cause
No. 99-35432

 



 

C O N C U
R R I N G   O P
I N I O N

I
respectfully concur in the court=s disposition of the case.  I write separately to address the first and
third issues raised by appellant Material Partnerships, Inc. (AMPI@) challenging the judgment in favor
of appellee Jorge Lopez Ventura (ALopez@). 


The
court correctly finds, as to MPI=s first issue, that the language of
the September 25th letter is unambiguous and creates personal liability for
Lopez as guarantor of the debt of his employer, Sacos
Tubalares del Centro, S.A. de C. V. (ASacos@). 
The reason this finding is correct is that any other interpretation or
construction would render the agreement meaningless. 








MPI
claims the September 25th letter from Lopez creates an individual obligation
for Lopez to pay Sacos=s debt because he Apersonally guaranteed@ it. 
Lopez characterizes the letter as a Acorporate guaranty@[1] and claims it is ambiguous because
he signed it in his representative capacity C as AGeneral Manager@ of Sacos.  








In
construing agreements, courts must examine and consider the entire writing in
an effort to harmonize and give effect to all the provisions of the contract so
that none of the provisions will be rendered meaningless.  Coker v. Coker, 650
S.W.2d 391, 393 (Tex. 1983).  If
this court adopted Lopez=s construction of the September 25th letter, the agreement
would be meaningless.  It simply makes no
sense for Sacos to be both the account debtor and
the Acorporate guarantor@ because a guarantor is one who
stands for the debt of another. 
MPI would have no reason to request or obtain a guaranty from Sacos for Sacos=s own debt.  Thus, if we were to hold that the September
25th letter did not create an individual obligation for Lopez, then we would
have to hold that it did not create an obligation at all.  See, e.g.,  American Petrofina Co. of Tex. v. Bryan,
519 S.W.2d 484, 486B87 (Tex. Civ. App.CEl Paso 1975, no writ) (holding that
letter C signed by officers with their
corporate office shown under signature C clearly intended guaranty of
corporate debt and if court were to hold that letter was not personal guaranty
by the officers in their individual capacities, then court would have to hold
that letter created no obligation, contrary to intent of language in
letter).  We must avoid any construction
that would render the agreement meaningless or negate the purpose of the
guaranty.  See Coker, 650 S.W.2d at 393. Holding that Lopez signed in his individual
capacity is the only construction that gives the September 25th letter
meaning.  See Austin Hardwoods, Inc.
v. Vanden Berghe, 917
S.W.2d 320, 322B23 (Tex. App.CEl Paso 1995, no writ); Eubank v.
First Nat. Bank of Bellville, 814 S.W.2d 130, 133 (Tex. App.CCorpus Christi 1991, no writ); Dann
v. Team Bank, 788 S.W.2d 182, 183B84 (Tex. App.CDallas 1990, no writ);  American Petrofina Co. of Tex., 519
S.W.2d at 486B87; see also Roy v.
Davidson Equip., Inc., 423 So.2d 496, 497 (Fla. Dist. Ct. App. 1982). 

Though
Lopez claims the letter was intended to serve only as an acknowledgment that Sacos accepted the transactions and obligation to pay, the
words he chose did not convey that meaning. 
In both legal terminology and common usage, the verb Aguaranty@ means to answer for the payment of a
debt of another.  See Southwest Sav. Ass=n v. Dunagan, 392 S.W.2d 761, 766 (Tex. Civ. App.CCorpus Christi 1965, writ ref=d n.r.e.)
(stating that a guaranty is a promise of one person to perform an act of the
same kind as another person is contractually bound to the promisee
to perform, or a promise to pay compensation for the other=s nonperformance, the promise being
conditioned on the latter=s nonfulfillment of his duty); Webster=s Third New International Dictionary 1007 (1993 ed.) (defining the verb guaranty as Ato . . . undertake to answer for the
debt, default, or miscarriage of [another]: become responsible for the
fulfillment of [the agreement of another]@). 
By adding the modifier Apersonally@ to that verb, Lopez took that obligation on himself.  He effectively removed his hat as AGeneral Manager@ of Sacos
and individually undertook to answer for the debt of the corporation.  The words Apersonally guaranty,@ when used in combination and in
reference to outstanding debt, are not susceptible of any other meaning.[2]  See Austin Hardwoods, Inc., 917 S.W.2d at 322B23; Eubank, 814 S.W.2d at 133; Dann, 788 S.W.2d at 183B84; American
Petrofina Co. of Tex., 519 S.W.2d at 486B87.  Therefore, the September 25th letter is not
ambiguous, and this court correctly construes it as a personal guaranty by
Lopez as a matter of law. See Coker, 650 S.W.2d at 393.  








In
response to MPI=s third issue, Lopez claims the guaranty is unenforceable
because it is missing Aessential terms,@ such as the time of payment, the
necessity of first making demand on Sacos, and
whether there is joint and several liability. 
The majority observes that Lopez provides no case law to support his
claim that these terms are essential to the formation of a guaranty
agreement.  The failure of the parties to
explicitly address these issues in the September 25th letter does not render
the guaranty unenforceable because the common law fills in the gaps when
parties fail to address these issues in a guaranty agreement.  See Ford v. Darwin, 767 S.W.2d 851,
854B55 (Tex. App.CDallas 1989, writ denied); Houston
Furniture Distribs., Inc. v. Bank of Woodlake, N.A.,
562 S.W.2d 880, 884 (Tex. Civ. App.CHouston [1st Dist.] 1978, no
writ).  The right of recovery against an
absolute guarantor depends upon the condition that the principal obligor has
defaulted in the performance of his duty.  A guarantor=s liability on a debt is measured by
the principal=s liability unless a more extensive
or more limited liability is expressly set forth in the guaranty agreement.  Houston Furniture Distrib., Inc., 562
S.W.2d at 884.   








Our
jurisprudence has long recognized a distinction between a Aguaranty of payment@ and a Aguaranty of collection.@ 
See Ford, 767 S.W.2d at 854.  The former is the equivalent of the term Aabsolute guaranty@ in reference to the payment of a
debt and the guarantor can be sued without joining the principal debtor.  See id. 
A Aguaranty of collection@ is an undertaking by the guarantor
to pay the promisee if the debt cannot be collected
by the use of reasonable diligence to collect the debt from the principal
obligor.  See id.  Unless the guaranty agreement specifies
otherwise, a guaranty is deemed a guaranty of payment, which means the
guarantor is jointly and severally liable on the debt and may be sued under the
same terms as the principal obligor.  See
Cox v. Lerman, 949 S.W.2d 527, 530 (Tex. App.CHouston [14th Dist.] 1997, no pet.); Ford, 767 S.W.2d
at 854B55; Houston Furniture Distribs., Inc., 562 S.W.2d at 884B85; see also Tex. Bus. & Com. Code ' 3.419.  Even though the September 25th letter is
silent on the issue, under common-law principles,  it constitutes a guaranty of payment
by Lopez.  See Cox, 949
S.W.2d at 530; Ford, 767 S.W.2d at 854B55; Houston Furniture Distribs.,
Inc., 562 S.W.2d at 884B85.  Therefore, the
trial court should have held Lopez jointly and severally liable as a guarantor
of payment for  Sacos=s debt to MPI.  Because the trial court failed to do so, its
judgment in favor of Lopez must be reversed and judgment rendered in favor of
MPI.

 

 

 

/s/        Kem
Thompson Frost

Justice

 

Judgment rendered and Majority and
Concurring Opinions filed March 6, 2003.

Panel consists of Justices Yates,
Anderson, and Frost.

 

 

 











[1]  Lopez=s characterization of the September 25th letter as a Acorporate guaranty@ of Sacos is a non sequitur in this factual
context.  The only way there could be a
corporate guaranty of the Sacos debt is if another
corporation had guaranteed the debt. 






[2]  While the
majority is correct in noting that section 3.402 of the Texas Business and
Commerce Code applies only to negotiable instruments and thus does not apply to
the September 25th letter, the common law principles on which that statute is
based are applicable to guaranty agreements. 
See Lassiter v. Rotogravure Committee, Inc., 727
S.W.2d 8, 9B10 (Tex. App.CDallas 1986, writ ref=d n.r.e.) (stating section 3.403 [predecessor statute to
current section 3.402] of the Texas Business and Commerce Code reflects common
law principles of agency); Byrd v. Southwest Multi‑Copy Inc., 693
S.W.2d 704, 706 (Tex. App.CHouston [14th Dist.] 1985, no writ) (noting Athe general scheme of Sec. 3.403 [predecessor statute
to current section 3.402] follows the common law as applied to negotiable and
non‑negotiable instruments@).  Under these principles, however, the letter,
as worded, is unambiguously a personal guaranty by Lopez.