W. J. EVANS v. W. H. BELL.

1. SET-OFF—PLEADING.—An answer setting up in set-off matters not connected with the demand on which the action is brought, should contain such allegations as would entitle the defendant to a judgment, if he was prosecuting a suit on it as plaintiff.

2. GUARANTY.—There is a plain and broad distinction between the guaranty of payment of a note and the guaranty of its collection. The guarantor in the latter case is not liable to an action on the mere failure of the debtor to pay when due, for he merely stipulates that the note is collectable in due course of law by the use of reasonable diligence.

3. SAME.—A guaranty that "if the bearer fails to collect the above amount by 1st April, I will be responsible for it," is a guaranty that the claim is collectable; and to recover thereon, the necessary facts fixing liability must be alleged.

APPEAL from Navarro. Tried below before the Hon. F. P. Wood.

Bell sued Evans on a promissory note, and to enforce the vendor's lien on lands for which the note was executed, of date December 13, 1871, and due in twelve months.

Evans pleaded in set-off a note executed July 7, 1871, to Bell, and by him indorsed by writing at the bottom of the note his guaranty, as follows: "I, W. H. Bell, do herein agree, that if the bearer fails to collect the above amount by 1st April, that I will be responsible for it.

"(Signed)      W. H. BELL."

On the trial the note pleaded in set-off was excluded. Judgment was rendered for plaintiff for the amount claimed by him. The defendant Evans appealed, assigning as error the ruling of the court in excluding his testimony.

*William Craft*, for appellant.—The writing signed by Bell on the same paper with the note and at the same time was a guaranty, and became an absolute promise to pay the bearer on the failure of the maker to pay by the time mentioned. This guaranty was also the subject of assignment and passed into the hands of third parties the same as the note. (Story on Cont., secs. 865, 866; Story on Prom. Notes, secs. 461, 465, 468, 483, and cases cited.)

*J. L. Holbert*, for appellee, cited Paschal's Dig., 225, 229, 230, 232; Waterman on Set-offs, p. 45, sec. 40, p. 89, sec. 73; Story on Prom. Notes, secs. 147, 400, 472; 2 Pars. on Notes and Bills, 117; Byles on Bills, pp. 158, 230.)

MOORE, ASSOCIATE JUSTICE.—The only error assigned for the reversal of the judgment in this case is, the ruling of the court excluding from the jury the instrument described in the answer, and pleaded as an offset to appellee's action.

It is not pretended that this instrument has any connection whatever with the demand upon which the action is brought. The answer setting it up must therefore be regarded as in the nature of a cross-action, and should contain such allegations as would entitle the defendant to a judgment if he was prosecuting a suit on it as plaintiff. (Waterman on Set-off, p. 45, sec. 40, and p. 89, sec. 73.) It is a familiar rule, that where a party wholly fails by his petition or answer, to state a cause of action or ground of defense, he has no occasion to complain because the court has excluded evidence tending to prove the matters alleged in his petition or answer. The answer in this case is framed upon the hypothesis of appellee's immediate and unconditional liability for the payment of the

note therein described, if not paid by the time mentioned in his transfer of it, written immediately beneath the signature of the maker. The controversy therefore in this case turns upon the legal effect of this transfer, and whether it in fact imports an absolute and direct, or a collateral undertaking on the part of appellee.

There seems considerable conflict between the decisions of the courts of different States in construing contracts and agreements such as that here in question. It is not necessary, however, on the present occasion, to determine whether the appellee became a mere indorser of the note, with a qualification of his liability as indorser in point of time, as he insists, or, as appellants maintain, his undertaking is that of guarantor. For, conceding that it is the latter, it must be admitted that there is a plain and broad distinction between the guaranty of the payment of a note or bill, and the guaranty of its collection. The guarantor in the latter case is not liable to an action on the mere failure of the debtor to pay the note when due, for he merely stipulates thereby that the note is collectable in due course of law by use of reasonable diligence. An undertaking indorsed upon the note by the payee in these terms, "I warrant this note good," was held by the Supreme Court of New York to be a guaranty that the note was collectable, and not that it would be paid on demand. And in order to charge the guarantor it was held necessary to show that payment could not be enforced against the maker. (Curtis *v.* Smallman, 14 Wend., 231.) And when the stipulation was, "I guarantee the collection of this note," it was decided that the guarantor was not liable until after the holder had endeavored to collect the money from the maker. It was equivalent, say the court, to a guarantee that the note was collectable by due course of law. (Cumpston *v.* McNair, 1 Wend., 457; see also Day *v.* Elmere, 4 Wis., 190; Hart *v.* Hudson, 6 Duer, 294; Loveland *v.* Shephard, 2 Hill, 139.) And where the payee transferred the note with this indorsement, "I hereby guarantee this note good until January 1, 1850," the

Supreme Court of Vermont held that the contract of the defendant was collateral and not absolute; that by this guaranty the defendant agreed that during the period mentioned in the guaranty the maker of the note should be in that condition that its payment could be enforced if legal diligence should be used for its collection. And to maintain an action on this guaranty, it was held, that it was necessary to aver that the maker was not before, nor on the day mentioned in the guaranty, good or responsible for the note, but on the contrary that it was uncollectable from the maker. (Hammond *v.* Chamberland, 26 Vt., 406.) In this case appellee agreed to be responsible for the note, "if the bearer fails to collect it," not on the day it became due, but by the first of April thereafter; by which time it evidently is possible that it might have been collected by the prompt and diligent use of legal process. Unquestionably, appellant's undertaking of responsibility was not unconditional, but was dependent on some effort to collect. It is equally unquestionable that this effort could only have been made by the bearer of the note. But no effort whatever is alleged in the answer to have been made for its collection. Appellee's liability is rested upon the bare fact that the note was unpaid. This, as we have seen, is insufficient. The introduction of the note, which is all the evidence for which a predicate was laid in the answer, was not sufficient to establish appellee's liability for its payment; and appellant could therefore have suffered no injury from its exclusion. The judgment is affirmed.

AFFIRMED.