## C. B. SHEPARD v. DON PHEARS.

(No. 1175, Op. Book No. 3, p. 483.)

APPEAL from Washington County.   Opinion by WHITE, P. J.

**§ 168.** *Guarantor; conditional.*   S. indorsed the note of C. in these words:   "I guaranty the collection of the within note."   *Held*, 1. That S. was only a conditional guarantor.   He did not guaranty the payment of the note absolutely and at all events.   He was only bound upon condition that P., the payee of the note, should use due diligence to collect the debt from C.   [2 Dan. Neg. Inst. 649; Brandt on Suretyship, 113; Bell v. Evans, 45 Tex. 553.]   2. That P. could not recover against S. without alleging and proving that he had exhausted C.'s means of payment by due process of law, or that C. was insolvent.

**§ 169.** *Guarantor; demand of payment; notice.*   Where the principal is alleged to be insolvent, it is not necessary, in a suit against a guarantor, to allege demand of payment, or notice of non-payment to the guarantor.   If for want of timely notice of non-payment injury has resulted to the guarantor, that is matter of defense.   [Brandt on Sureties, 248.]   If the notice be delayed for a very short time, but by reason of the delay the guarantor loses the opportunity of obtaining indemnity, and is irreparably

damaged, he would be discharged from his obligation. If the delay were for a long period, and it was nevertheless clear that the guarantor would have derived no benefit from an earlier notice, the delay would not impair his obligation.    Whether the delay in giving notice was reasonable or unreasonable, is a mixed question of law and fact for the jury, to be determined in view of all the circumstances of the case under proper instruction from the court.

February 5, 1881.          Reversed and remanded.