**William S. COX, Appellant,**

v.

**Marty LERMAN, PH.D. d/b/a Allied Mental Health Services, Appellee.**

**No. 14–96–00210–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 24, 1997.

528

William S. Cox, Houston, pro se.

Robert E. Price, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

In this guaranty case, William S. Cox appeals a judgment granted in favor of Marty

Lerman, Ph. D. d/b/a Allied Mental Health Services ("Lerman") on the grounds of (1) legal and factual insufficiency of the evidence; (2) error in allowing Lerman to reopen; and (3) error in awarding attorney's fees. We reverse and render.

## Background

Cox is a lawyer whom Sheila Egan hired to represent her in a divorce and custody suit. Lerman is a psychologist who agreed to provide expert testimony in that lawsuit. After Egan executed a promissory note for payment for Lerman's services, Cox wrote a letter to Lerman (the "guaranty letter") stating:

> I represented to you that I would guarantee payment for services regarding [Lerman's] court appearances. If after reasonable attempts Mrs. Egan is unable or refuses, I will pay your bills for court appearances.

After mailing Egan invoices for several months without receiving payment, Lerman demanded payment from Cox. When Cox refused to pay, Lerman filed suit against Cox based on the letter of guaranty.[1] Lerman filed a motion for summary judgment, which the trial court granted, but was reversed and remanded on appeal.[2] On remand, the case was tried to the court and judgment was entered in favor of Lerman for damages,

---

1. Rule 54 provides:

> In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.

TEX.R. CIV. P. 54. In this case, Lerman alleged in his petition and stated in his attached affidavit that he had made reasonable attempts to collect his fees from Egan, but she was unable or refused to pay. He further alleged that, pursuant to Rule 54, all conditions precedent had been performed or had occurred in connection with the indebtedness. In his answer, Cox asserted that Egan was a necessary party who had not been joined, that reasonable attempts had not been made to collect from her, that there had been no showing of a refusal by her to pay the

debt, and that all conditions precedent had not been met.

2. *See Cox v. Lerman,* No. 93–01014–CV, 1994 WL 534333 (Tex.App.—Houston [14th Dist.] September 29, 1994, no writ). In reciting the factual background of the case, that opinion stated "Marty Lerman made reasonable attempts to collect fees for his psychological services from Sheila Egan, however the attempts were unsuccessful." Because this statement was merely a recitation of the background of the case and because the entire case was reversed and remanded due to the existence of fact issues, the issue whether Lerman made such reasonable attempts had not been adjudicated. Therefore, the foregoing statement that he had made reasonable attempts to collect the fee was not binding upon the trial court on remand, nor on this court in this appeal. *See Cherry v. Lee,* 899 S.W.2d 329, 330 (Tex.App.—Houston [14th Dist.] 1995, no writ.)

**530**

prejudgment interest, and attorney's fees totaling $4,909.40.

Cox raises twenty-four points of error. However, because point of error nine is dispositive of this appeal, we address it first. In that point, Cox argues that, because Lerman did not join Egan in the suit, the evidence was legally insufficient to support the trial court's finding that Lerman met the condition precedent of "reasonable attempts" at collection as required by the letter of guaranty.[3]

■ A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). In reviewing a "no evidence" claim, we consider only the evidence and inferences tending to support the trial court's finding, disregarding all contrary evidence and inferences. *Continental Coffee Prod. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Id.*

■ A guaranty agreement is construed strictly in favor of the guarantor under Texas law. *United States v. Vahlco Corp.,* 800 F.2d 462, 465 (5th Cir.1986). It may not be extended beyond its precise terms by construction or implication. *Reece v. First State Bank,* 566 S.W.2d 296, 297 (Tex.1978).

■ The law recognizes two distinct types of guaranty: a guaranty of collection (or conditional guaranty) and a guaranty of payment (or unconditional guaranty).[4] A guaranty of collection is an undertaking of the guarantor to pay if the debt cannot be collected from the primary obligor by the use of reasonable diligence.[5] With such a guaranty, the principal debtor must be joined in the suit unless excused pursuant to section 17.001 of the Civil Practice and Remedies Code. *Ford v. Darwin,* 767 S.W.2d 851, 854 (Tex.App.—Dallas 1989, writ denied).

■ By contrast, a guaranty of payment is an obligation to pay the debt when due if the debtor does not. *Ford,* 767 S.W.2d at 854. A guaranty of payment thus requires no condition precedent to its enforcement against the guarantor other than a default by the principal debtor. *Vahlco,* 800 F.2d at 466. A guarantor of payment is *primarily* liable and waives any requirement that the holder of the note take action against the maker as a condition precedent to his liability on the guaranty. *Hopkins v. First Nat'l Bank at Brownsville,* 551 S.W.2d 343, 345 (Tex.1977) (per curiam). A guarantor of payment is thus akin to a co-maker in that the holder of the note can enforce it against either party. *Reece,* 566 S.W.2d at 297. Therefore, a lender may bring an action against a guarantor of payment without joining the principal debtor. *Ford,* 767 S.W.2d at 854; *Ferguson v. McCarrell,* 582 S.W.2d 539, 541–42 (Tex.Civ.App.—Austin), *writ ref'd n.r.e.,* 588 S.W.2d 895 (Tex.1979) (per curiam).

■ In this case, the letter of guaranty was conditioned in stating "If after reasonable attempts Mrs. Egan is unable or refuses, I will pay your bills for court appearances." As contrasted from an unconditional guaranty, this language provided that the creditor could seek payment from the guarantor only after the occurrence of a condition, *i.e.,* reasonable attempts to collect from Egan and her inability or refusal to pay. Based on this conditional language, we conclude that the guaranty letter was a guaranty of collection requiring "reasonable diligence" by Lerman before it could be enforced against Cox.

■ Cox argues that Lerman failed to fulfill the "reasonable attempts" condition precedent by failing to file suit against Egan.

---

3. In its Additional Findings of Fact and Conclusions of Law, the trial court found that "[t]he plaintiff performed the condition precedent of attempting to collect his fees and expenses from Mrs. Egan."

4. *See Universal Metals & Mach., Inc. v. Bohart,* 539 S.W.2d 874, 877 (Tex.1976); *Vahlco,* 800

F.2d at 466; *Ford v. Darwin,* 767 S.W.2d 851, 854 (Tex.App.—Dallas 1989, writ denied).

5. *Ford,* 767 S.W.2d at 854; *Peck v. Mack Trucks, Inc.,* 704 S.W.2d 583, 585 (Tex.App.—Austin 1986, no writ); *Wolfe v. Schuster,* 591 S.W.2d 926, 930 (Tex.Civ.App.—Dallas 1979, no writ).

Neither party has cited, nor have we found, any authority establishing what constitutes a reasonable attempt to collect a debt. However, Rule 31 provides:

No surety shall be sued unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in cases otherwise provided for in the law and these rules.

TEX.R. CIV. P. 31. Section 17.001 of the Civil Practice and Remedies Code further provides:

(a) Except as provided by this section, ... a *principal obligor* on a contract may be sued alone or jointly with another liable party, but a judgment may not be rendered against *a party not primarily liable* unless judgment is also rendered against the principal obligor.

(b) The ... *guarantor* ... on a contract ... may be sued without suing the maker, ... or other principal obligor ... if the principal obligor:

(1) is a nonresident or resides in a place where he cannot be reached by the ordinary process of law;

(2) resides in a place that is unknown and cannot be ascertained by the use of reasonable diligence;

(3) is dead; or

(4) is actually or notoriously insolvent.

TEX. CIV. PRAC. & REM.CODE ANN. § 17.001 (Vernon 1986) (emphasis added). Consistent with the common law, rule 31 and section 17.001 indicate that a principal obligor, such as a guarantor of payment, may be sued alone, whereas a guarantor who is not primarily liable, such as a guarantor of collection, may not be sued without joining the principal obligor, except under the specified conditions.

 In this case, Cox has not assigned error to the nonjoinder of Egan as a necessary party pursuant to rule 31 and section 17.001, procedurally, but only to that nonjoinder as it demonstrates a lack of proof of reasonable attempts to collect. In addition to providing a procedural joinder rule, we construe rule 31 and section 17.001 to also

set forth a standard of reasonableness with regard to the diligence required in collecting a debt from a primary obligor pursuant to a guaranty of collection. Therefore, because Lerman offered no evidence that he sued Egan to recover payment of his fees [6] or that an exception from doing so was applicable, his collection efforts against her did not satisfy rule 31 or section 17.001 and were thus not legally sufficient to satisfy the condition precedent of "reasonable attempts" in the guaranty letter. Accordingly, we sustain point of error nine, reverse the judgment of the trial court, and render judgment that Lerman take nothing.

6. Lerman's counsel stated at trial that *Cox* had filed a third party action against Egan in this lawsuit but it had never been served because the parties could not find her.