**Affirmed and Memorandum Opinion filed June 18, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00519-CV

---

**WAYNE LEROY KELLEY, Appellant**

**V.**

**JODY LYNNE KELLEY, Appellee**

---

**On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2011-26020**

---

## M E M O R A N D U M   O P I N I O N

In this suit to enforce an agreement incident to divorce, appellant Wayne Leroy Kelley challenges the trial court's summary judgment in favor of appellee Jody Lynne Kelley. The issue is whether the guaranty contained in the parties' agreement is a guaranty of payment or a guaranty of collection. If it is the former, then Jody was not required to join the primary obligor, Wildcat Petroleum, LLC. If it is the latter, then Jody was required to join Wildcat Petroleum. Because the

guaranty was a guaranty of payment, Jody did not have to join Wildcat Petroleum. Accordingly, we affirm.

The relevant facts are not in dispute. On September 21, 2011, the trial court rendered an Agreed Final Decree of Divorce between Wayne and Jody Kelley. In the decree, the court found that the parties had entered into a separate Agreement Incident to Divorce (the "Agreement"), approved the Agreement, incorporated it by reference, and ordered the parties to do all things necessary to effectuate the Agreement. Section 1.3, W-10 of the Agreement provided in relevant part:

> Wayne Leroy Kelley . . . conveys to Jody Lynne Kelley the following property: $426,000 due and payable to wife within one year from the date of the entry of the Final Decree of Divorce in exchange for wife's ownership interest in Wildcat Petroleum, LLC. Wildcat Petroleum shall issue a promissory note to memorialize this obligation and wife shall execute a release of ownership within 5 days of the $426,000.00 due and owing to her is paid in full.

Section 1.7(2) of the Agreement provided in relevant part:

> Wayne represents and warrants to Jody that he is an officer and director of Wildcat Petroleum and that he has full authority to enter into the Agreement Incident to Divorce and to bind Wildcat Petroleum to the covenants and promises set out herein which are covenants and promises of Wildcat Petroleum. Further, Wayne specifically . . . does hereby guarantee all obligations that Wildcat Petroleum is assuming that are due and payable to Jody under section 1.3 above.

Neither Wildcat Petroleum, the company owned by Wayne and Jody during their marriage, nor Wayne paid the $426,000 owed to Jody, which was due on September 21, 2012. Wildcat did not issue a promissory note memorializing its obligations under the Agreement.

Jody sued Wayne to enforce the divorce decree and the Agreement. She alleged that Wayne had not complied with his contractual obligation to pay her

2

$426,000 for her share of Wildcat Petroleum. Jody also brought a claim for fraud against Wayne and sought attorney fees. Wayne answered, denying the existence of an enforceable obligation, asserting that Jody's claims are barred by limitations, and seeking reimbursement of funds that Jody allegedly took from Wayne. In the event that the trial court awarded Jody the relief she sought, Wayne requested that the funds allegedly taken by Jody be applied to offset such an award.

Jody moved for summary judgment. After a hearing, the trial court rendered a partial summary judgment in favor of Jody on the issue of Wayne's obligation to pay the $426,000. The parties then proceeded to a bench trial on the remaining issues—attorney fees and offsets. On March 13, 2014, the trial court signed a final judgment. Pursuant to the partial summary judgment, the final judgment awarded Jody $426,000. Additionally, the trial judge: (1) determined Wayne was entitled to a $1,552.40 offset; (2) awarded Jody $60,297.64 in attorney fees; (3) awarded Jody $25,000 in attorney fees in the event that Wayne lost on appeal at a court of appeals; and (4) awarded Jody $15,000 in the event that Wayne lost on appeal to the Texas Supreme Court. After the trial court denied his motion for new trial, Wayne timely appealed the final judgment.

Wayne only appeals the grant of the summary judgment. The movant for summary judgment has the burden to show there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Emmett Props., Inc. v. Halliburton Energy Servs., Inc.*, 167 S.W.3d 365, 368 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). We review the summary judgment evidence using familiar standards of review. *See Dolcefino v. Randolph*, 19 S.W.3d 906, 916–17 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). When, as here, the material facts are not in dispute, the propriety of summary judgment is a question of law. *Westcott Commc'ns, Inc. v. Strayhorn*, 104 S.W.3d 141, 145 (Tex.

App.—Austin 2003, pet. denied).

Contracts incident to divorce are interpreted according to the general rules relating to the construction of contracts. *Milligan v. Niebuhr*, 990 S.W.2d 823, 825 (Tex. App.—Austin 1999, no pet.). When construing an agreement incident to divorce, a court must look to the intentions of the parties as they are manifested in the written agreement. *McPherren v. McPherren*, 967 S.W.2d 485, 490 (Tex. App.—El Paso 1998, no pet.). The interpretation of an unambiguous contract is a question of law to be determined by the court. *Milligan*, 990 S.W.2d at 825. A contract is unambiguous when it is worded so that it can be given a certain or definite legal meaning or interpretation. *McPherren*, 967 S.W.2d at 490. We are bound by the express stated intent of the parties as manifested within the four corners of the instrument. *Milligan*, 990 S.W.2d at 825.

The parties disagree about the legal effect of the Agreement's guaranty language. The interpretation of a guaranty is a question of law we review de novo. *Wasserberg v. Flooring Servs. of Tex., LLC*, 376 S.W.3d 202, 206 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A guaranty creates a secondary obligation where the guarantor promises to be responsible for the debt of another and may be called upon to perform if the primary obligor fails to perform. *Id.* at 205.

The law recognizes two types of guaranty: a guaranty of collection (or conditional guaranty) and a guaranty of payment (or unconditional guaranty). *Cox v. Lerman*, 949 S.W.2d 527, 530 (Tex. App.—Houston [14th Dist.] 1997, no writ). In a guaranty of collection, the guarantor agrees to pay if the debt cannot be collected from the primary obligor by the use of reasonable diligence. *Id.* Generally, with a guarantee of collection, the principal debtor must be joined in the suit. *Id.*

A guaranty of payment, on the other hand, is an obligation to pay the debt when due if the debtor does not. *Id.* The only condition precedent to enforcing a guaranty of payment is a default by the principal debtor. *Id.* A party bringing an action against a guarantor of payment does not need to join the principal debtor. *Id.* A guaranty is deemed to be a guaranty of payment unless the agreement specifies otherwise. *Jamshed v. McLane Exp., Inc.*, 449 S.W.3d 871, 880 (Tex. App.—El Paso 2014, no pet.) (citing Tex. Bus. & Com. Code Ann. § 3.419(e) (West 2002)); *Austin v. Guaranty State Bank*, 300 S.W. 129, 132 (Tex. Civ. App.—Waco 1927, no writ).

Wayne acknowledges in his brief that the guaranty language contained in the Agreement indicates an unconditional guaranty of something. He contends, however, that the contract is unclear as to what he was guaranteeing—Wildcat Petroleum's obligation to pay or Wildcat's obligation to issue a promissory note. Based on this perceived lack of clarity, Wayne posits that the guaranty was conditional, making Wildcat Petroleum a necessary party. Jody responds that Wayne clearly and unconditionally guaranteed payment of the $426,000. Therefore, according to Jody, Wildcat Petroleum is not a necessary party.

It is clear from the four corners of the Agreement that the parties intended for Jody to receive $426,000 in return for her fifty-percent interest in Wildcat Petroleum. The $426,000 was "due and payable" on or before September 21, 2012. The parties agree that Wildcat Petroleum was the primary obligor on the $426,000. Under the express, unambiguous terms of the agreement, Wayne personally guaranteed Wildcat Petroleum's obligations that were "due and payable"—i.e., the obligation to pay $426,000. Wayne's guaranty did not contain any conditional language to the effect that his obligation was contingent upon Jody's failure or inability to first collect from Wildcat Petroleum.

According to Wayne, the guaranty in this case should be construed in favor of the guarantor. *See Cox*, 949 S.W.2d at 530. We agree that if a guaranty is ambiguous, rendering it susceptible of two reasonable interpretations, courts should use the interpretation that favors the guarantor. *Pham v. Mongiello*, 58 S.W.3d 284, 288 (Tex. App.—Austin 2001, pet. denied). However, the guaranty in this case is not ambiguous—Wayne guaranteed Wildcat Petroleum's obligations that were "due and payable" under the Agreement. Therefore, the rule advocated by Wayne is inapplicable here.

Wayne also mentions that the guarantor is a "favorite of the law." This phrase refers to the rule of *strictissimi juris* and applies after the terms of the guaranty have been ascertained. *Wasserberg*, 376 S.W.3d at 206; *Preston Ridge Fin. Servs. Corp. v. Tyler*, 796 S.W.2d 772, 780 (Tex. App.—Dallas 1990, writ denied). Although the rule prohibits the extension of the guarantor's obligation beyond the written terms of the agreement, it does not abrogate the touchstone of contract interpretation, which is to seek the true intent of the parties who executed the contract. *Preston Ridge*, 796 S.W.2d at 780. After applying settled rules of contract construction, we conclude that the parties intended for Jody to receive $426,000 in return for her interest in Wildcat Petroleum and that Wayne guaranteed payment of the $426,000. We have not impliedly extended Wayne's obligation beyond the written terms of the Agreement.

The guaranty agreement in this case was a guaranty of payment, and Jody was not required to join Wildcat Petroleum in her suit to enforce the Agreement. We overrule Wayne's sole issue on appeal and affirm the trial court's judgment.[1]


/s/     Marc W. Brown
Justice

Panel consists of Justices Christopher, Brown, and Wise.

---

[1] Because we determine that Wildcat Petroleum is not a necessary party, we need not address Jody's contention that Wayne waived his argument by not filing a verified answer, as required by Texas Rule of Civil Procedure 93(4). *See* Tex. R. App. P. 47.1.