

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00032-CV

———————————————

423 COLONY, LTD., Appellant

V.

THE INDEPENDENT EXECUTORS OF THE ESTATE OF PETER C. KERN,
DAN FLAGG, JOHN COCHRAN, AND BEN LIPMAN, Appellees

On Appeal from the Probate Court
Denton County, Texas
Trial Court No. PR-2014-00040-03

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

In June 2012, Peter C. Kern, as managing member of Cheers Spirits and Liquors, LLC, signed an agreement with Appellant 423 Colony, Ltd. (Colony) to lease for 126 months approximately 3,000 square feet of space at Oaks Village Shopping Center for a liquor store. Contemporaneously, Kern, in his individual capacity, executed an unconditional guaranty for payment of the lease. Kern died in January 2014.

A month later, Cheers defaulted on the lease by failing to pay rent and abandoned the property. The next month, Cheers declared bankruptcy. In April 2014, Colony filed this suit against the executors of Kern's estate[1] seeking payment of past due rent and other sums owed pursuant to the guaranty. In response and through its filing of six amended answers over the course of the lawsuit, the Estate raised a laundry list of affirmative defenses and pleaded counterclaims. At the conclusion of a nine-day bench trial which centered primarily upon the Estate's affirmative defenses and counterclaims, the trial court rendered judgment for the Estate that Colony take nothing on its claim for breach of the guaranty and awarded attorney's fees on behalf of the Estate. The trial court subsequently issued 66 findings of fact and 27 conclusions of law.

---

[1]For simplicity, we will refer to the executors collectively as the Estate.

Colony brings four issues on appeal. In its first issue, Colony argues that the trial court erred by rendering a take-nothing judgment in the Estate's favor because Colony conclusively established its right to recover against the Estate on the guaranty as a matter of law. Correspondingly, Colony argues in its fourth issue that the trial court's award of attorney's fees to the Estate should be reversed. Because we agree with Colony that it was entitled to a judgment on the guaranty as a matter of law, we resolve the first and fourth issues in Colony's favor and do not need to address the second and third issues.[2] *See* Tex. R. App. P. 47.1. We reverse the trial court's judgment, render judgment in favor of Colony for $571,163.54, and remand this case to the trial court for a determination of Colony's attorney's fees, costs, and expenses.

## Discussion

### I. Standard of Review

A trial court's findings of fact have the same force and dignity as a jury's answers to jury questions, and we review the legal and factual sufficiency of the evidence supporting those findings using the same standards that we apply to jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *see also MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 663 n.3 (Tex. 2009). When the appellate record contains a

---

[2]Colony's second and third issues argue (2) that Kern did not have standing to assert, or, alternatively, waived, all defenses to the lease; and (3) that the evidence is legally insufficient to support the trial court's findings of fact and conclusions of law regarding the Estate's myriad defenses.

3

reporter's record, findings of fact on disputed issues are not conclusive and may be challenged for evidentiary sufficiency. *Super Ventures, Inc. v. Chaudhry*, 501 S.W.3d 121, 126 (Tex. App.—Fort Worth 2016, no pet.). We defer to unchallenged fact findings that are supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014).

We may sustain a legal-sufficiency challenge—that is, a no-evidence challenge—only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014) (op. on reh'g); *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998) (op. on reh'g). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and must disregard contrary evidence unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

If, as here, a party is attacking the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof, and if no evidence supports the finding, we review all the evidence to determine whether the contrary proposition is

4

established as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

## II. General Principles

A guaranty is a person's promise to perform an act that another person is contractually bound to perform. *Shin v. Sharif*, No. 2-08-00347-CV, 2009 WL 1565028, at *2 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (citing *Simmons v. Compania Financiera Libano, S.A.*, 830 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1992, writ denied)). We construe unambiguous guaranties in the same manner as we construe any other contract, as a matter of law for the court. *Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 7 (Tex. 2014) (citing *Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex. 1983)). Our primary concern is to ascertain the intent of all parties as expressed in the guaranty, and we begin with the plain language of the guaranty. *Id.* (quoting *J.M. Davidson v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003)). When the language is unambiguous, we must enforce it as written. *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008).

There are two types of guaranties: payment (or unconditional) guaranties and collection (or conditional) guaranties. *Chahadeh v. Jacinto Med. Grp., P.A.*, 519 S.W.3d 242, 246 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *see also Cox v. Lerman*, 949 S.W.2d 527, 530 (Tex. App.—Houston [14th Dist.] 1997, no writ). The primary difference is whether the guaranty requires the creditor to pursue the principal debtor before it pursues the guarantor for collection of the debt. *Id.* A guaranty of payment

does not require the creditor to pursue the principal debtor before pursuing the guarantor. *Id.* Instead, "[a] guarantor of payment is primarily liable; he waives any requirement that the holder of the note take action against the maker as a condition precedent to his liability on the guaranty." *Hopkins v. First Nat'l Bank at Brownsville*, 551 S.W.2d 343, 345 (Tex. 1977).

## III. Application

The guaranty before us in this case expressly states that it is unconditional no fewer than five times.[3] There is nothing ambiguous about the guaranty's language; it is beyond debate that the guaranty is an unconditional guarantee of payment. This alone generally places the enforcement of a guaranty beyond the reach of defenses that may be available to the primary obligor. *See Universal Metals & Mach., Inc. v. Bohart*, 539 S.W.2d 874, 877 (Tex. 1976) (holding that a guarantor "is not freed from liability because of the forged signature of the maker"); *Sowell v. Int'l Interests, LP*, 416 S.W.3d 593, 601–02 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (holding that unambiguous language of unconditional payment guaranty waived any right to

---

[3]The guaranty states: "Lessor shall not be obligated or required to exhaust its remedies against Lessee as a condition precedent to its collection under this Guaranty. This instrument of Guaranty shall be construed as a guaranty of payment and performance rather than as a guaranty of collection." It also provides that Kern "absolutely and unconditionally guarantees to Lessor . . . the full and prompt performance of all Lessee's Obligations including . . . the payment when due of all rents . . . coming due under the terms of the Lease" and that "[s]uch payment and performance is to be made or performed by Guarantor forthwith upon any default by Lessee under the terms of the Lease." And it states, "This Guaranty is a direct and primary obligation of the Guarantor."

6

assert failure-to-mitigate-damages defense); *see also United States v. Little Joe Trawlers, Inc.*, 776 F.2d 1249, 1252 (5th Cir. 1985) (explaining that Texas law generally holds a guarantor liable for payment even though the holder of the note cannot enforce the claim against the principal obligor unless the claim against the principal obligor is void for illegality and discussing Texas cases holding the same).[4] But in this case, the guaranty itself also expressly waives any reliance upon defenses that may have been available to the Estate.[5] There is no ambiguity to the language used in this respect— Kern waived any reliance on defenses to the lease based upon any "invalidity, irregularity or unenforceability" of the lease.

Colony met its burden to recover for the breach of a guaranty agreement by showing (1) the existence and ownership of the guaranty; (2) the terms of the lease as the underlying contract; (3) the occurrence of a default by nonpayment; and (4) the failure or refusal of the Estate to perform the promise by Kern as the guarantor. *See Byrd v. Estate of H.G. Nelms*, 154 S.W.3d 149, 157 (Tex. App.—Waco 2004, pet. denied). The guaranty's language unambiguously establishes its unconditional nature

---

[4]To the extent the Estate argues that caselaw applying these principles to promissory notes does not apply to the lease as a real estate contract, we reject this argument. *See Ford v. Darwin*, 767 S.W.2d 851, 855 (Tex. App.—Dallas 1989, writ denied) (holding that a guarantor of payment of a non-UCC instrument is governed by the same rules as a guarantor of payment of a UCC instrument).

[5]The guaranty states: "No invalidity, irregularity or unenforceability of all or any part of the Lease or of any security thereof, shall affect, impair or **constitute a defense** to this Guaranty." [Emphasis added.]

7

as a payment guaranty, generally precluding the Estate from availing itself of Cheers's possible defenses, *see Universal Metals*, 539 S.W.2d at 877, and also unambiguously waives any defense based on any "invalidity, irregularity or unenforceability" of the lease. We therefore sustain Colony's first issue, reverse the trial court's take-nothing judgment, and render judgment in Colony's favor in the amount of $571,163.54. *See Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176, 176 (Tex. 1986); *see also* Tex. R. App. P. 43.3.

Because we resolve Colony's first issue in its favor, we do not need to address Colony's second and third issues. Tex. R. App. P. 47.1. As Colony is now the prevailing party, we resolve Colony's fourth issue regarding the award of attorney's fees and expenses in Colony's favor based on the guaranty's provision that the prevailing party shall be entitled to attorney's fees and expenses. And because the trial court did not make any findings as to the amount or reasonableness of Colony's attorney's fees and expenses, we remand this case to the trial court for further proceedings to determine the appropriate amount of attorney's fees, including those incurred on appeal, and expenses due to Colony. *See Young v. Qualls*, 223 S.W.3d 312, 314–15 (Tex. 2007).

## Conclusion

Having sustained Colony's first and fourth issues and without reaching its second and third issues, we reverse the trial court's judgment, render judgment in favor of Colony in the amount of $571,163.54, and remand this case to the trial court

8

for a determination of Colony's reasonable and necessary attorney's fees, costs, and expenses.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered:  May 23, 2019